IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HEIDI GENUSA RODRIGUEZ,<br>GILBERTO RODRIGUEZ PONCE<br>*Plaintiffs*,<br><br>    v.<br><br>ALEJANDRO MAYORKAS,<br>Secretary of Department of Homeland Security;<br><br>DENISE FRAZIER,<br>District Director,<br>U.S. Citizenship and Immigration Services;<br><br>UR M. JADDOU,<br>Director,<br>U.S. Citizenship and Immigration Services;<br><br>JENNIFER B. HIGGINS,<br>Deputy Director,<br>U.S. Citizenship and Immigration Services;<br><br>CONNIE NOLAN,<br>Associate Director,<br>Service Center Operations Directorate,<br>U.S. Citizenship and Immigration Services;<br><br>LOREN K. MILLER,<br>Director, Nebraska Service Center<br>U.S. Citizenship and Immigration Services;<br><br>MERRICK B. GARLAND,<br>U.S. Attorney General, Department of Justice;<br><br>CHRISTOPHER WRAY,<br>Director, Federal Bureau of Investigation;<br><br>EUREKA ARTIES,<br>Field Office Director,<br>New Orleans Field Office,<br>U.S. Immigration and Customs Enforcement;<br>*Defendants* | ) <br>) <br>) <br>) Case No.:<br>) <br>) <br>) <br>) <br>) Agency No: IOE0914246192<br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) |

## COMPLAINT FOR WRIT OF MANDAMUS AND

## DECLARATORY AND INJUNCTIVE RELIEF

NOW COME the Plaintiffs, HEIDI GENUSA RODRIGUEZ and GILBERTO RODRIGUEZ PONCE, through the undersigned, who complain as follows:

### I.      INTRODUCTION AND STATEMENT OF FACTS

1. This action is brought to compel action on a pending Form I-130, Petition for Alien Relative ("Family Petition" or "Form I-130") properly filed with the United States Citizenship and Immigration Services ("USCIS") in New Orleans, Louisiana by the Plaintiffs over a year and a half ago. To the Plaintiffs' detriment, Defendants have improperly withheld action on the Family Petition for an unreasonable period of time.

2. Plaintiff, Heidi Genusa Rodriguez ("Mrs. Rodriguez"), is a United States citizen who lives in Amite City, Louisiana. On November 12, 2021, Mrs. Rodriguez filed a USCIS Form I-130, Petition for Alien Relative on behalf of her husband, Plaintiff Gilberto Rodriguez Ponce ("Mr. Rodriguez"). On November 18, 2021, Mrs. Rodriguez received a receipt notice from USCIS for her Form I-130, and over a year and a half later, the Form I-130 is still pending at the USCIS Nebraska Service Center in Lincoln, Nebraska. (*See* Attached Exhibit 1). At the time of filing, the processing time for Plaintiffs' Family Petition was listed as ten and a half (10.5) months, yet the petition has now been processing for over eighteen (18) months.

3. Attorneys for Plaintiffs have filed numerous inquiries with USCIS since filing the Form I-130. On October 26, 2022, attorneys for Plaintiffs attempted to submit an inquiry to check on the status of the Family Petition and received a message stating that because the case was "within normal processing times", an inquiry could not be created. (*See*

Attached Exhibit 2). However, at that point, the processing time for a Form I-130 was ten and a half (10.5) months, so the case was in fact no longer within normal processing times, and the Plaintiffs should have been able to submit an inquiry. (*See* Attached Exhibit 3). Attorneys for Plaintiffs attempted to submit inquiries again on January 10, 2023 and January 13, 2023, with the same result. Finally, on January 20, 2023, the inquiry submission was successful, and Plaintiffs received a message saying: "USCIS will review and process the request. Expect a reply by February 21, 2023." On February 10, 2023, Plaintiffs received the following response to their inquiry from USCIS: "USCIS systems show that your petition or application is still pending consideration." (*See* Attached Exhibit 4). Since that response offered no substantive update or any new information, on February 17, 2023, attorneys for Plaintiffs submitted another inquiry with USCIS, and strangely, were told that the case was "within normal processing times", so no inquiry could be created. Again, this was not true, since the processing times for a Form I-130 were ten and a half (10.5) months, and at that point, the Family Petition had been pending for fifteen (15) months. This essentially put Plaintiffs right back where they started in their communications with USCIS. Attorneys for Plaintiffs attempted to make another inquiry on March 6, 2023, and received the same response. (*See* Attached Exhibit 5).

4.    When Plaintiffs filed this Form I-130, the processing time listed on the USCIS website for Forms I-130 filed at the Nebraska Service Center was ten and a half (10.5) months. Now, the processing time for Forms I-130 at the Nebraska Service Center has been increased to fourteen and a half (14.5) months. The Plaintiffs' Family Petition has been pending for over eighteen (18) months. This lengthy processing time and delay is

3

completely unreasonable. Plaintiffs have paid attorney's fees, a $535 filing fee to USCIS, and have provided all of the documentation that they were required to provide. On March 24, 2023, Plaintiffs retained undersigned counsel to file this lawsuit, which has required them to pay even more fees to compel USCIS to adjudicate their properly filed Form I-130.

5. Defendants' failure to adjudicate Plaintiffs' Family Petition is unconscionable, has no basis, and has caused great anguish for Plaintiffs. Mr. Rodriguez is living in a state of legal limbo while waiting for a decision on his Family Petition, which negatively affects him and his family's lives, and every day that passes without an adjudication of it is another day that he cannot take steps towards fully living and working in the United States.

6. Plaintiffs have exhausted all administrative remedies. Plaintiffs, through their attorneys, submitted several online inquiries with USCIS requesting updates on the status of the Family Petition, and Defendants have failed to properly respond or take any action.

7. Mr. Rodriguez is seeking to apply for his green card once he is eligible and to live and work in the United States with lawful status, and he needs an approved Form I-130 to take these steps. Although Heidi properly filed the Family Petition with USCIS and included the required filing fee and evidence, Defendants have not taken action or provided her or Mr. Rodriguez with updates over a year and a half after filing.

## II.    PARTIES

8. Plaintiff Heidi Genusa Rodriguez ("Mrs. Rodriguez") is a United States citizen who lives in Amite City, Louisiana. Mrs. Rodriguez filed the Family Petition at issue here on behalf of her husband on November 12, 2021.

9. Plaintiff Gilberto Rodriguez Ponce ("Mr. Rodriguez") lives in Amite City, Louisiana. Mr. Rodriguez is the beneficiary of the Family Petition filed by his wife, Mrs. Rodriguez, on November 12, 2021.

10. Defendant Alejandro Mayorkas ("Mayorkas") is sued in his official capacity only as the Secretary of the United States Department of Homeland Security (hereinafter "DHS"). In this capacity, as the Secretary of DHS, he has responsibility for the administration of the immigration laws pursuant to 8 U.S.C. § 2.1.

11. Defendant Denise Frazier ("Frazier") is sued in her official capacity only as the District Director of the USCIS District that encompasses the New Orleans Field Office in Louisiana. The New Orleans Field Office, which is under Defendant's direction, is charged with the administration of the Immigration and Nationality Act (hereinafter "INA") and the adjudication of forms filed by people living in the New Orleans District. In her capacity as the District Director, Defendant Frazier has responsibility for the administration of the immigration laws.

12. Defendant Ur M. Jaddou ("Jaddou") is sued in her official capacity only as the Director of USCIS. USCIS is the component of DHS that is responsible for adjudicating Plaintiffs' Family Petition. In her capacity as the Director of USCIS, Defendant Jaddou has responsibility for the administration of the immigration laws.

13. Defendant Jennifer B. Higgins ("Higgins") is sued in her official capacity only as the Deputy Director of USCIS. USCIS is the component of the DHS that is responsible for adjudicating Plaintiffs' Family Petition. In her capacity as the Deputy Director of USCIS, Defendant Higgins has responsibility for the administration of the immigration laws.

14. Defendant Connie Nolan ("Nolan") is sued in her official capacity only as the Associate Director of the Service Center Operations Directorate ("SCOPS") at USCIS. In her capacity as the Associate Director of SCOPS at USCIS, Defendant Nolan is responsible for the administration of the immigration laws at USCIS' six service centers around the country, including the Nebraska Service Center where Plaintiffs' Family Petition is pending.

15. Defendant Loren K. Miller ("Miller") is sued in her official capacity only as the Director of the Nebraska Service Center of USCIS. In her capacity as the Director of the Nebraska Service Center at USCIS, Defendant Miller is responsible for the administration of the immigration laws and the adjudication of immigration applications pending at the Nebraska Service Center.

16. Defendant Merrick B. Garland ("Garland") is sued in his official capacity only as the U.S. Attorney General of the United States and chief officer of the United States Department of Justice (hereinafter "DOJ"). In this capacity, he has responsibility for the administration of the immigration laws pursuant to 8 U.S.C. § 1103.

17. Defendant Christopher Wray ("Wray"), the Director of the U.S. Federal Bureau of Investigation, is being sued in his official capacity only. Wray is charged with supervisory authority over all immigrant visa background and name checks in connection with immigrant visa applications.

18. Defendant Eureka Arties ("Arties") is sued in her official capacity only as the Field Office Director at the New Orleans Field Office of USCIS. The New Orleans Field Office, which is under Defendant Arties' direction, is charged with the administration of the INA and the adjudication of immigration applications filed by people living in the

New Orleans District. In her capacity as the Field Office Director, Arties is responsible for the administration of immigration laws.

### III.    JURISDICTION AND VENUE

19. Jurisdiction in this case is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); 5 U.S.C. §§ 555(b) and 701, et seq. (Administrative Procedure Act ("APA")); 28 U.S.C. § 1101, *et seq*.; Title 8 of the C.F.R. (the Immigration and Nationality Act ("INA") and regulations implementing it); 28 U.S.C. § 2201 (the Declaratory Judgment Act); and 5 U.S.C. § 504, et seq. (the Equal Access to Justice Act ("EAJA")).

20. This Court may grant relief pursuant to 28 U.S.C. §§ 1361, 2201, 2202, and 5 U.S.C. § 702, *et seq*.

21. This action is brought to compel the Defendants, officers and agents of the United States, to perform their duties arising under the laws of the United States.

22. This action invokes the Plaintiffs' right of due process under the Fifth Amendment of the United States Constitution, over which this Court retains jurisdiction.

23. This action is brought due to the failure of the Defendants to perform their duty to adjudicate the Plaintiffs' Form I-130 within a reasonable amount of time. Failure to adjudicate said Form has resulted in harm to the Plaintiffs.

24. Venue lies in the United States District Court for the Eastern District of Louisiana under 28 U.S.C. § 1391(e), because Plaintiffs reside in the Eastern District of Louisiana and no real property is involved in this action.

## IV.      CLAIMS FOR RELIEF

### Count One

### (Mandamus Act)

25.   Plaintiffs re-allege and incorporate by reference the paragraphs above.

26.   Plaintiffs assert claims for mandamus relief under 28 U.S.C. § 1361, which provides the authority to compel an agency to perform a duty owed to them. The Mandamus Act, 28 U.S.C. § 1361, authorizes this Court to order a remedy when a plaintiff demonstrates that (1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to perform the act in question; and (3) no other adequate remedy is available. *Mendoza-Tarango v. Flores*, 982 F.3d 395, 400 (5th Cir. 2020).

27.   Mr. and Mrs. Rodriguez have a clear right to have their Form I-130 adjudicated by Defendants under the INA and the U.S. Constitution. Courts have recognized that where a noncitizen has a right to apply for a benefit, there is an accompanying, nondiscretionary duty for USCIS to adjudicate that application. *See*, *e.g.*, *M.J.L. v. McAleenan*, 420 F. Supp. 3d 588, 595 (W.D. Tex. 2019) ("While the USCIS's decision to grant or deny a U Visa petition is discretionary, the question of whether that adjudication has been unlawfully withheld or unreasonably delayed is not."); *Ayyub v. Blakeway*, No. SA-10-CV-149-XR, 2010 U.S. Dist. LEXIS 82739, at *14–15 (W.D. Tex. Aug. 13, 2010) (same with respect to naturalization application); *Elmalky v. Upchurch*, 3:06-CV-2359-B, 2007 U.S. Dist. LEXIS 22353, at *7–9 (N.D. Tex. Mar. 28, 2007) (same, adjustment of status application). Defendants have a clear duty to adjudicate Plaintiff's Form I-130 under the INA and the U.S. Constitution. *Id.* Finally, there is no other adequate remedy available to Plaintiffs to compel these agencies to perform their duties. A remedy "is adequate if it is

'capable of affording full relief as to the very subject matter in question.'" *Wolcott v. Sebelius*, 635 F.3d 757, 768 (5th Cir. 2011). Plaintiffs have sent multiple letters and inquiries to USCIS and DHS, but those agencies have not taken any action on their Form I-130, provided updates, or provided any other remedies for Plaintiffs to seek relief.

28. Defendants' unreasonable and unlawful delay in adjudicating Plaintiffs' Form I-130 has caused, and will cause, ongoing and substantial injury in the form of mental distress, increased legal costs, and an inability to work and obtain lawful status in the United States.

**Count Two**

**(Violation of the Administrative Procedure Act)**

29. Plaintiffs re-allege and incorporate by reference the paragraphs above.

30. Pursuant to the Administrative Procedure Act ("APA"), a person adversely affected by agency action is entitled to judicial review. *See* 5 U.S.C. § 702. Agency action includes a failure to act. *See* 5 U.S.C. § 551(13).

31. The APA requires agencies to conclude matters presented to them "within a reasonable time." 5 U.S.C. § 555(b).

32. A court may "compel agency action unlawfully withheld or unreasonably delayed." *See* 5 U.S.C. § 706(2)(A).

33. Defendants' failure to adjudicate Plaintiffs' Form I-130 constitutes an unreasonable failure to act in violation of the APA. This Court has the authority to compel Defendants to adjudicate Plaintiffs' Form I-130 because Defendants have failed to adjudicate same within a reasonable amount of time. Plaintiffs have contacted USCIS and DHS numerous times, and these agencies have failed to respond or adjudicate their Form I-130. Finally,

although USCIS's listed processing times do not dictate whether the wait time for an adjudication of an immigrant petition is unreasonable, Plaintiffs note that the processing time listed on Defendants' website when the Form I-130 was filed was ten and a half (10.5) months, and this Form I-130 has now been pending for eighteen (18) months. Regardless of what USCIS's website says, a wait time of over a year and a half for properly filed forms that USCIS is required by law under the INA to adjudicate is clearly unreasonable.

34.    Defendants' unreasonable and unlawful delay in adjudicating the Form I-130 has caused, and will cause, Plaintiffs ongoing and substantial injury in the form of mental distress, increased legal costs, and the inability to work and obtain status in the United States.

## Count Three

### (Equal Access to Justice Act)

35.    Plaintiffs re-allege and incorporate by reference the paragraphs above.

36.    Plaintiffs seek attorney's fees and costs under the Equal Access to Justice Act ("EAJA") as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412.

## PRAYER

WHEREFORE, Plaintiffs pray that this Court grant them the following relief:

A.    Assume jurisdiction over the case;

B.    Declare that Defendants' delay in adjudicating Plaintiffs' Form I-130 is unreasonable and in violation of the APA and the INA;

C.    Compel Defendants to adjudicate Plaintiffs' Form I-130 within 60 days;

D.    Award Plaintiffs reasonable costs and attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"); and

10

E.  Such other relief at law and in equity as justice may so require.

Respectfully submitted,

*/s/ Carley A. Tatman*
Carley A. Tatman
The Scott Law Firm, LLC
10636 Linkwood Court
Baton Rouge, Louisiana 70810
Phone: 225-228-2239
Fax:    888-601-0123
Email: carley@pwscottlaw.com
LSBA# 38912

CERTIFICATE OF SERVICE

I hereby certify that the above **COMPLAINT FOR WRIT OF MANDAMUS**

was this day electronically filed with the Clerk of Court using the Court's CM/ECF system.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Notice will be mailed to any party or counsel not participating in the Court's CM/ECF system by

this date depositing same in the United States Mail, first class postage prepaid and properly

addressed.

Baton Rouge, Louisiana this

19th day of May, 2023

/s/ Carley A. Tatman

_____
Carley A. Tatman